## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02084-DOC-DFM                Date: October 8, 2025

Title: Jared David Ibarra v. Compass Group, USA, Inc. et al.

PRESENT:        THE HONORABLE DAVID O. CARTER, JUDGE

|  |  |
|---|---|
| Karlen Dubon | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

## I.    Background

This is an employment action. Plaintiff Jared David Ibarra ("Plaintiff") worked as a full-time Order Builder at Canteen, Compass Group USA, Inc.'s business, from January to November 2024. Complaint ("Compl.") (Dkt. 1-2) ¶¶ 3, 17. Having a history of bronchitis and chronic flare-ups, Plaintiff experiences extreme sensitivity to cold and dry air. *Id.* ¶ 18. Plaintiff also has a history of gastritis with unexpected flare-ups that cause nausea and vomiting. *Id.* ¶ 21.

In April 2024, Plaintiff requested protective gear to safely use the walk-in freezer, but nothing in his size was available. *Id.* ¶ 19. In May 2024, Plaintiff experienced a bronchitis flare-up, and his symptoms left him unable to work. *Id.* ¶ 20. After two days on medical leave, Plaintiff returned to work and requested acommodations to avoid work in the freezer. *Id.* However, Plaintiff felt compelled to continue work in the freezer to perform his job duties. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02084-DOC-DFM                                      Date: October 8, 2025
                                                                          Page 2

On October 27, 2024, Plaintiff experienced a gastritis flare-up and vomited on his person and clothing. *Id.* ¶ 22. Plaintiff had waited in his vehicle until his coworkers clocked out before returning to the warehouse and clocking out. *Id.* The following morning, Plaintiff notified one of the managers, Alfred Sung, about this incident. *Id.* ¶ 23. On October 31, 2024, another manager, Robert Donahue, met with Plaintiff to discuss this incident and placed Plaintiff on administrative leave. *Id.* ¶ 24.

Plaintiff was terminated on November 7, 2024 for allegedly tampering with and recording false information on his timecard. *Id.* ¶ 25. Plaintiff alleges that his employers failed to accommodate Plaintiff's medical conditions and that the termination was substantially motivated by Plaintiff's disability. *Id.* ¶¶ 26-28.

Plaintiff asserts seven causes of action against Defendant Compass Group, USA, Inc. ("Defendant") and Does 1-20, including discrimination, retaliation for engaging in protected activity, failure to prevent discrimination and retaliation, failure to provide reasonable accommodations, failure to engage in a good faith interactive process, retaliation for work condition complaints, and wrongful termination. *Id.* ¶¶ 34-103.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on June 24, 2025. Notice of Removal ("Not.") (Dkt. 1). On September 15, 2024, Defendants removed the action to this Court, asserting diversity jurisdiction. *Id.*

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02084-DOC-DFM                              Date: October 8, 2025
                                                                        Page 3

state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02084-DOC-DFM                                    Date: October 8, 2025
                                                                                        Page 4

may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**III.    Discussion**

Defendant argues that this Court has diversity jurisdiction in this action. Not. ¶ 1. The Court disagrees.

Defendant has not met its burden to show that the amount in controversy requirement is satisfied. The Court considers lost wages in the period from termination until removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court *may grant* on that complaint *if the plaintiff is victorious*") (emphasis added). Here, it appears that Plaintiff was terminated on November 7, 2024, Not. ¶ 24, and the case was removed on September 15, 2025, *see generally* Not. At the time of Plaintiff's termination, he was paid $20.70 per hour, or $828.00 per week assuming a 40-hour work week. *Id.* ¶ 24. Accordingly, Plaintiff's economic damages at the time of removal total to approximately $37,260.00. *Id.* Plaintiff's lost wages of $37,260.00 are therefore far below the required $75,000 minimum.

Additionally, to reach the jurisdictional threshold, Defendant asks the Court to include the following speculative awards and fees. Defendant asserts that Plaintiff will seek a "substantial sum easily exceeding $75,000" for emotional distress damages, attorneys' fees, and punitive damges. *Id.* ¶¶ 26-28. However, Defendant fails to explain a basis for these calculations. *Id.* Furthermore, this Court does not include these types of speculative damages or civil penalties when calculating the amount in controversy. *See Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1011 (9th Cir. 2010) (recognizing that front pay is speculative); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02084-DOC-DFM                              Date: October 8, 2025
                                                                            Page 5

with mandatory or discretionary language, such fees may be included in the amount in controversy."). Because Defendant has not satisfied their burden to show that more than $75,000 is at issue in this case, the Court lacks diversity jurisdiction.

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[1] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

## IV.   Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County. The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                        Initials of Deputy Clerk: kdu
CIVIL-GEN

---

[1] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.